PEARSON, J.

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:19CR329 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| KENNETH L. MCKINLEY III, | ) | |
| | ) | **ORDER** |
| Defendant. | ) | [Resolving ECF No. 31] |
| | ) | |

Pending before the Court is Defendant Kenneth L. McKinley's Motion for Compassionate Release re First Step Act of 2018 (COVID-19). ECF No. 31. Having reviewed the written submissions and applicable law, the Court denies Defendant's Motion.

## I. Background

On July 30, 2019, Defendant Kenneth L. McKinley pleaded guilty to a three-count indictment.[1] The Court sentenced Defendant McKinley to 46 months of incarceration and three years of supervised release on November 21, 2019. Defendant McKinley is currently 34 years old and was serving his sentence at FCI Beckley.[2]

---

[1] Count 1 charged Defendant with Illegal Possession of Machine Guns, in violation of 18 U.S.C. 922 (o) and 924(a)(20). Count 2 charged Defendant with Possession of Ammunition by a Prohibited Person, in violation of 18 U.S.C. 922(g)(9) and 924(a)(2);. Count 3 charged Defendant with Receipt and Possession of Unregistered Firearms, in violation of 26 U.S.C. 5841, 5861(d) and 5871.

[2] Defendant, since filing this motion, has been moved from FCI Beckley to the Cincinnati Residential Reentry Management Office. *See Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited Dec. 23, 2021). Defendant's anticipated release date is June 17, 2022.

(5:19CR329)

Defendant brings this motion asking the Court to grant him compassionate release on the grounds that he "met some of the requirements" and that he "was notified by the BOP that they are leaving the decision to be made by the Sentencing Judge and Courts." *See* ECF No. 31 at PageID #: 163.

The Government argues that it is unclear whether Defendant has exhausted his administrative remedies, and that Defendant has not presented any extraordinary or compelling reasons for release.

## II. Analysis

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the Bureau of Prisons ("BOP") or the defendant. The Sixth Circuit recently evaluated whether the three-step test applicable to § 3582 motions filed by the BOP also apply to those filed by prisoners directly. *United States v. Jones*, 980 F.3d 1098 (6th Cir. 2020).

> At step one, a court must "find[]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized. At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*Id.* at 1107-08 (alterations in original) (citations omitted).

The conditional statement regarding the applicability of U.S.S.G. § 1B1.13 foreshadows *Jones'* ultimate holding: § 1B1.13 is not applicable to compassionate release motions filed by defendants, only those filed by the BOP. *Jones*, 980 F.3d at 1109. Therefore, because there is

2

(5:19CR329)

no applicable guidance for district courts to follow at step two, "[u]ntil the Sentencing Commission updates § 1B1.13 to reflect the First Step Act, district courts have full discretion in the interim to determine whether an 'extraordinary and compelling' reason justifies compassionate release when an imprisoned person files a § 3582(c)(1)(A) motion." *Id.*; *see also United States v. Elias*, 984 F.3d 516 (6th Cir. 2021) (discussing that a district court has full discretion to define 'extraordinary and compelling' without consulting the policy statement). Accordingly, in evaluating a prisoner's petition, the Court applies its judgment in considering whether "extraordinary and compelling" circumstances exist, and evaluates any proposed reduction "after considering the factors set forth in section 3553(a)[.]" 18 U.S.C. § 3582(c)(1)(A).

A defendant is eligible to seek compassionate release from a court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A).

A court may deny compassionate-release motions at any part of the inquiry and does not need to address the further steps. *Elias*, 984 F.3d at 519.

### A. Exhaustion

A defendant is eligible to seek compassionate release from the Court after he has exhausted all administrative rights to appeal the BOP's failure to bring a motion on his behalf or thirty days have elapsed since requesting that the warden of his facility initiate such action. 18 U.S.C. § 3582(c)(1)(A).

Petitioner has indicated that he "requested relief with the BOP, but they notified by me that they are leaving the decision to be made by the Sentencing Judge and Courts." *See* ECF No.

3

(5:19CR329)

31 at PageID #: 163.  Although it is unclear from this statement whether Defendant has in fact exhausted his administrative remedies, the Court will construe Defendant's statement liberally and find that the administrative remedies in this case were in fact exhausted.

### B.  Extraordinary and Compelling Reasons

Defendant has not pleaded with any specificity why he qualifies for compassionate release other than his statement that he may be eligible.  Upon review of Defendants health records, the Government has indicated that Defendant, at one point, had a viral Hepatitis C infection that was successfully treated.  *See* ECF No. 38 at PageID #: 183-84.

When determining whether extraordinary and compelling reasons for release exist, the Court may look to Guidance from the CDC.  *See Elias*, 984 F.3d at 521.  The current CDC guidance mentions that autoimmune Hepatitis could put someone at increased risk it does not directly address viral Hepatitis.  *See COVID-19, People with Certain Medical Conditions,* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html(last visited Dec. 23, 2021).

Although an increased risk of COVID-19 is a portion of the extraordinary and compelling reasons analysis, the presence of a medical diagnosis that leads to an increased risk of severe illness does not automatically constitute an extraordinary and compelling reason for release.  "[M]edically managed serious health conditions, paired with a generalized fear of COVID-19, [fall] short of 'extraordinary and compelling reasons' justifying compassionate release." *United States v. Huffaker*, No. 3:16-CR-100, 2020 WL 5995499, at *3 (E.D. Tenn. Oct. 9, 2020) (citing *United States v. Peaks*, No. 16-20460, 2020 WL 2214231, at *2 (E.D. Mich. May 7, 2020)).

In this case there is no evidence that the health conditions of Defendant are not sufficiently medically managed by the BOP.  Moreover, Defendant himself has received two doses of the

4

(5:19CR329)

Pzifer-BioNTech Covid-19 vaccine. *See* ECF No. 38 at PageID #: 184. Under the guidance given by *Traylor* and *Lemons*, that Defendant is fully vaccinated seriously abates any compelling reason for release related to COVID-19. *See United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021); *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021). Therefore, Defendant has not shown any extraordinary or compelling reasons for release.

Under *Elias*, the Court can deny compassionate release motions when it finds any of the factors missing, without having to analyze the others. *See United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021). Considering the Court has found that there is no extraordinary or compelling reason here, it does not need to engage in a further analysis.[3]

### III. Conclusion

Accordingly, Defendant's Motion (ECF No. 31) is denied.

IT IS SO ORDERED.

| | |
|---|---|
| December 23, 2021 | /s/ Benita Y. Pearson |
| Date | Benita Y. Pearson |
| | United States District Judge |

---

[3] Because Defendant has not established "extraordinary and compelling" reasons justifying compassionate release, the Court need not reach the specific application of the 18 U.S.C. § 3553(a) factors. The factors however, strongly counsel against release, and the Court incorporates its analysis of the factors at sentencing.